UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22645-MIDDLEBROOKS/TORRES

BYRAMJI JAVAT,

    Petitioner,

v.

WARDEN, FCI MIAMI,

    Respondent.

_____/

**PETITIONER'S MOTION FOR RELIEF IN SUPPORT
OF SETTLEMENT AND REQUEST FOR HEARING**

Petitioner, BYRAMJI JAVAT, through undersigned counsel, respectfully requests that this Court direct Respondent to fully comply with the statutory obligation to afford Petitioner First Step Act (FSA) earned time credits toward pre-release custody, and in support of the motion states:

1. Petitioner filed the instant 28 U.S.C. § 2241 action based on the Respondent's failure to implement the statutory requirements for granting him earned time credits and thereby unreasonably extending his imprisonment contrary to the requirement of transfer to pre-release custody, such as a halfway house, home confinement, or supervised release. *See* DE:1 at 18 (requesting that the Court grant "relief from [Javat']s unconstitutional confinement, grant preliminary injunctive relief including correction of the denial of relevant FSA credits, [and] order his release from

confinement"). Following the December 10, 2024 status conference in this matter, the government announced that the BOP would grant the relevant credits to Petitioner, with the anticipation of mooting the issues in the case. However, despite formally entering the award of such credits on Petitioner's BOP computation sheet, such that Petitioner should have been transferred to pre-release custody—indeed, should have been transferred to pre-release custody several months ago—the BOP is treating the credits awarded to Petitioner in a special, ineffective manner in complete derogation of the statutory requirements and the function of § 2241 relief. In other words, for Petitioner the crediting has not functioned in the statutory manner and he has remained without the pre-release benefit contemplated as part of the credits.

2. The BOP has *nominally* applied credits, but has refused to *actually* apply them. Thus, Petitioner has not been afforded halfway house or other pre-release custody as required and has been advised that he is not going to be given the statutorily-required effect of the credits. In complete derogation of statutory provisions, the BOP has stated that it will treat the credits as a nullity for purposes of the pre-release custody that the statute requires. Attached hereto as Exhibit A is written confirmation from FCI Miami of this denial of credit effectuation.

3. Because the courts have found that such an unlawful denial of credits is impermissible and contravenes the statutorily-required crediting, Petitioner seeks relief. Immediate placement in pre-release custody is required under 18 U.S.C. § 3632(d)(4)(C). The statute uses the mandatory "shall" (as distinguished, for instance,

from the provision in § 3624(g)(3) that the BOP "may" transfer a prisoner to early supervised release). Numerous courts have held that the BOP has no discretion to delay or refuse transfer of an eligible prisoner to pre-release custody, which transfer is mandatory. *See*, *e.g.*, *Doe v. Federal Bureau of Prisons*, 2024 WL 455309, at *1-4 (S.D.N.Y. Feb. 5, 2024) (transfer to pre-release custody was required despite the prisoner's participation in the witness protection program); *Ramirez v. Phillips*, 2023 WL 8878993, at *4 (E.D. Cal. Dec. 22, 2023) (agreeing with interpretation that transfer to pre-release custody is mandatory, BOP has no discretion not to transfer); *Komando v. Luna*, 2023 WL 310580, at *4-8 (D.N.H. Jan. 13, 2023) (transfer to pre-release custody was required despite outstanding detainer; rejecting argument that the BOP had discretion to determine which prisoners were suitable for placement in pre-release custody), *report and recommendation adopted*, 2023 WL 1782034 (Feb. 6, 2023); *Sierra v. Jacquez*, 2022 WL 6563744, at **9-13 (C.D. Cal. Sept. 7, 2022) (transfer to pre-release custody was mandatory despite pending charges and argument that the prisoner was a flight risk), *report and recommendation adopted in relevant part*, 2022 WL 6445565 (Oct. 7, 2022).

4. In *Woodley v. Warden, USP Leavenworth*, No. 24-3053-JWL, 2024 WL 2260904, at *1 (D. Kan. May 15, 2024), the court ordered the inmate's transfer to prerelease custody, explaining that even bed availability—an excuse not offered by the BOP in Petitioner Javat's case—could not forestall the BOP's obligation to comply with statutory requirements of pre-release custody consistent with the inmate's FSA credits. *Id.*, 2024 WL 2260904, at *3 ("Respondent's excuse for

delaying petitioner's transfer to an RRC is that bed space is not available in a particular RRC until September. No such condition concerning bed availability is included among the requirements for eligibility under Section 3624(g), however, and thus immediate placement in prerelease custody is nevertheless *required* under Section 3632(d)(4)(C).") (emphasis added).

> In this regard, the Court notes that while the FSA requires transfer to prerelease custody, the BOP retains the discretion to decide whether to transfer petitioner to an RRC or to home confinement, or even whether to transfer petitioner to early supervised release. *See Ramirez*, 2023 WL 8878993, at *4; *Komando*, 2023 WL 310580, at *6. Nor does the Court require that petitioner be placed in any particular RRC; thus, the BOP retains the discretion to choose the particular prerelease facility.

*Id.*, 2024 WL 2260904, at *4.

5. From the statute and the case law it is clear that although the BOP has discretion regarding what pre-release option it chooses—among transferring an inmate to a particular halfway house, to any other halfway house, to home confinement, or to supervised release—the BOP is required to choose one of the options under the statute. And regarding "bed space," the only relevant statutory provision on this is that the BOP must ensure that there is adequate bed space. *See* 18 U.S.C. § 3624(g)(11).

6. In light of the substantial authority favoring Petitioner Javat's interpretation of the relevant law, the need for meaningful application of Javat's FSA credits is clear.

7. Undersigned counsel has conferred with counsel for the government

concerning the relief requested in this motion. The government opposes the motion and asserts that BOP's decision to deny pre-release custody to Javat should be treated as a new administrative action not remediable as part of the present § 2241 petition.

Wherefore, Petitioner Byramji Javat requests that this Court order the BOP to apply his FSA credits in accordance with the statutory demand for pre-release custody, the form of such pre-release custody to be determined by BOP in accordance with the statutory options. Petitioner requests that the Court grant a hearing on this motion and contends that resolution of the matter would be served by such a hearing.

    Respectfully submitted,

    BLACK SREBNICK
    201 South Biscayne Boulevard, Suite 1300
    Miami, Florida 33131
    (305) 371-6421

    /s/ Howard Srebnick
    HOWARD SREBNICK
    Florida Bar No. 919063
    HSrebnick@RoyBlack.com

MIA 1330.17
October 4, 2013
Page 4

Attachment A

<u>INFORMAL RESOLUTION</u>
Miami, Florida

Date: 02/27/2025

Inmate Name: JAVAT ByrAMji    Reg. No. 92554-083   Unit: C.

NOTICE: You are advised that prior to filing a Request for Administrative Remedy (BP-9), you MUST attempt to informally resolve your complaint through your counselor. Please follow the three (3) steps listed below.

1. State your specific complaint: I was awarded my FTC CREDITS by BOP (REFERENCE My 2241-CASE NO 1:24-JCV-22645-DM). I currently have 550 days of FTC credits.

2. State what efforts you have made to informally resolve your complaint: Spoke to UNIT TEAM —

3. State what resolution your request: I would request to be sent to a Halfway House immediately.

Inmate Signature: B. [signature]    Date: 27th Feb' 2025

Correctional Counselor's Comments: I will Forward this Request to U.M. For Resolution.

Correctional Counselor Signature: [signature]    Date: 2-27-2025

Unit Manager's Comments: On September 26, 2024, you provided Unit Team with a BP-AD148 Form instructing Unit Team not to proceed with the halfway house process. Furthermore, on January 30, 2025 updated guidance

Unit Manager's Review: [signature]    Date: 3/16/2025

was provided instructing Unit Team to cease all referrals to halfway house placement for non-US citizens with active detainers which you currently have.

EXHIBIT A